Kinsey C. J.
In the year 1775 the plaintiff obtained a judgment against the defendant in Middlesex County. Shortly after Bergen made an assignment of all his property to certain persons for the benefit of his creditors, many of whom executed releases of their debts. In particular Sergeant, the attorney for the plaintiff on record, signed a discharge for this debt. The plaintiff now brings an action on the judgment, and the question is, whether the acquittance by Sergeant, acting as attorney at law, without any letter constituting him attorney in fact, is a bar to this suit?
I have searched the books on this point with much care. In Roll's Abr. 291, it is said that the power of an attorney at *215 law ends with the judgment; but if credit is given to Styles (a) Roll himself determined otherwise. In some more modern books this authority is said to continue until the purposes of the judgment are obtained. This opinion is more reasonable, and more conformable to what has been the practice, and lias been thought to be the law in New*Jersey.
In Lamb v. Williams (b) and Earl of Yarmouth v. Russel (c) it was held that an attorney may release damages. In Laiuch v. Pasherante (d) the attorney waved a judgment against the express directions of his client. His consent to stand to an arbitration binds his client. 1 Richardson’s K. B. 48. Carthew 412. (e)
in New-Jersey there cannot exist a doubt with regard to the attorney’s right and power to receive the money and enter satisfaction. Roll says that this was determined by Coke: die practice has always accorded with it, and the consequences of a contrary decision at this day would be highly prejudicial. Indeed in the next case in Roll it is said that an attorney may acknowledge satisfaction or give a receipt, although he does not receive the money. This is adopted also by Comyns in his digest (f) and we think there can be no question on the case.
In Lo ft 320, it is said that where an attorney has given a receipt and discharged a man out of custody, he charges himself with the debt, and he cannot exonerate himself by pleading that a less sum came to his hands. This seems 9o take for granted his power to make an acknowledgment of this nature, even when he had not received the whole, (g)
In this ease however there is enough stated to warrant the presumption that the plaintiff did receive either a part of the debt, or some good consideration for this discharge. His acquiescence during so long a period, amounts to proof of *216 his assent to the act of his attorney; at least it would have been a ground for a Judge to recommend to a jury to find that fact.
Judgment for defendant.

 Styles 426.

 1 Salk. 89.

 2 L-l. Ray. 1042.

 1 Salk. 86.

 Note. See 1 Dall. Somers v. Balabrega accord.

 1 Com. Dig. 627, 8. “ Attorney” B. 10.

 Note — See Hudson v. Johnson 1 Wash. 10. Reinholdt v. Alberti 1 Binn 469. Jackson Ex-dim, Mc. Crea v. Bartlett 8 Johns. 361. Kellogg v. Gilbert 10 Johns. 220.